IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JOHN KINGSLEY HENDRICKS,**          :
                                      :
                    **Petitioner,**   :          **CIVIL NO. 3:CV-04-1956**
                                      :
          **v.**                      :          **(JUDGE CAPUTO)**
                                      :
**TOM RIDGE,** *et al.,*              :
                                      :
                    **Respondents.**  :

**M E M O R A N D U M**

## I.          Introduction

        John Kingsley Hendricks, a Bureau of Immigration and Customs Enforcement

("ICE") detainee, commenced this action with a *pro se* petition for writ of habeas corpus

filed pursuant to the provisions of 28 U.S.C. § 2241.  Petitioner, a native and citizen of

Jamaica, is seeking his immediate release from ICE custody.

        A show cause Order was issued by the Court on September 20, 2004, directing

Respondents to answer the petition within twenty (20) days of the date of the Order.

Respondents have filed an answer to the habeas petition, Petitioner filed a traverse, and

the matter is ripe for disposition.  For the following reasons, the petition will be denied.

## II.          Background

        Petitioner entered the United States on July 30, 1981, as a lawful permanent

resident.  (Doc. 13, Ex. A).  On April 21, 1994, Petitioner was convicted in the County Court

for Nassau County, New York, for the offense of attempted rape in the first degree.  (*Id.*,

Ex. B).  As a result of his conviction, the former Immigration and Naturalization Service[1]

---

        [1]On March 1, 2003, the Immigration and Naturalization Service ("INS") was
abolished and its enforcement functions were assumed by the new Department of

commenced removal proceedings against Petitioner with a Notice to Appear ("NTA") on February 12, 1998.  (*Id*., Ex. A).  The NTA sought to remove Petitioner pursuant to the provisions of 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony.  (*Id*.)

On August 19, 1998, the immigration judge ("IJ") ordered Petitioner removed from the United States to Jamaica.  (*Id*., Ex. C).  Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and the BIA dismissed the appeal on February 2, 1999.  (*Id*., Ex. D).  On April 13, 1999, Petitioner filed a motion for reconsideration with the BIA, and the motion was denied on May 10, 1999.  (*Id*., Ex. E).

Subsequently, Petitioner filed a petition for writ of habeas corpus which was docketed in the United States District Court for the Southern District of New York ("SDNY") on November 12, 1999.  (*Id*., Ex. F).  By Order dated April 7, 2000, the SDNY granted Petitioner a stay of removal and closed the case, subject to reopening by either party following a decision by the United States Court of Appeals for the Second Circuit in other litigation.  (*Id*.)

Petitioner then filed the instant action, in which he challenges his continued detention pending removal.  Petitioner has been detained by ICE since December 17, 2001, upon completion of his New York State prison sentence.  Petitioner claims his removal is not likely in the reasonably foreseeable future, and he is entitled to release pending removal.  Respondents claim that Petitioner's continued detention is appropriate,

---

Homeland Security, in the Bureau of Immigration and Customs Enforcement ("ICE").  The ICE now has the duty of investigating and enforcing immigration law within the borders of the United States. Accordingly, the Court will refer to Respondent as ICE rather than INS.

and the petition should be denied.

## III.    **Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  Under  § 1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal becomes final, during which time detention is mandatory.[2]  At the conclusion of the 90-day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & (6).  Since Petitioner has received a stay of removal from the SDNY, his 90-day removal period has yet to run.  "If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, [the removal period does not commence until] the date of the court's final order."  8 U.S.C. § 1231(a)(1)(B)(ii).  Since the SDNY has issued a stay of removal, and Petitioner's challenge to removal may be reopened by either party after a decision by the Second Circuit Court of Appeals in other litigation, the 90-day removal period has not begun.

Moreover, Petitioner has received custody reviews, and his release has been denied because he poses a threat to society and his removal is likely to occur if the stay of removal is lifted.  (Doc. 13, Ex. G).  Although Petitioner claims that he is entitled to release under the holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001), *Zadvydas* addressed the

---

[2] Section 1231(a)(1)(B) provides:
The removal period begins to run on the latest of the following:
   (i)   The date the order of removal becomes administratively final.
   (ii)   If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
   (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

issue of whether  §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely *beyond the 90-day removal period.*  Since Petitioner's 90-day removal period has not commenced, *Zadvydas* is inapplicable.  An appropriate order follows.


Dated: June 23, 2005                          /s/ A. Richard Caputo
                                            A. RICHARD CAPUTO
                                            United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JOHN KINGSLEY HENDRICKS,**           :
                                       :
      **Petitioner,**           :           **CIVIL NO. 3:CV-04-1956**
                                       :
      **v.**           :           **(JUDGE CAPUTO)**
                                       :
**TOM RIDGE,** *et al.,*           :
                                       :
      **Respondents.**           :

## O R D E R

     **AND NOW**, **THIS 23rd DAY OF JUNE, 2005,** in accordance with the foregoing memorandum**, IT IS HEREBY ORDERED THAT:**

     1.  The petition for writ of habeas corpus (Doc. 1) is **DENIED**, without prejudice to Petitioner filing a new habeas petition after his removal order becomes final.  *See* 8 U.S.C. § 1231(a)(1)(B).

     2. The Clerk of Court is directed to close this case.


       /s/ A. Richard Caputo
       A. RICHARD CAPUTO
       United States District Judge